IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR MANATEE COUNTY, FLORIDA

DONNA MARIE WASHINGTON,
    Plaintiff,

vs.

CASE NO.:
SECTION:

CIRCLE K STORES, INC. d/b/a
CIRCLE K STORE # 9832, and
THOMAS S., STORE MANAGER,
    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, DONNA MARIE WASHINGTON ("Plaintiff"), by and through the undersigned counsel, and sues the Defendant, CIRCLE K STORES, INC. d/b/a CIRCLE K # 9832, and THOMAS S., STORE MANAGER and alleges:

### JURISDICTION AND VENUE ALLEGATIONS

1.    This is an action for damages that exceed the sum of FIFTY THOUSAND DOLLARS ($50,000), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$50,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for jurisdictional purposes only (the Florida Supreme Court has ordered that the estimated "amount of the claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Cont.

1

2. Venue is appropriate in Manatee County, Florida, because the incident at issue and the other acts and omissions complained of herein occurred in Bradenton, Florida.

3. At all times material hereto, Plaintiff was a resident of Bradenton, Manatee County, Florida.

4. At all times material hereto, Defendant, CIRCLE K STORES, INC. d/b/a CIRCLE K # 9832 was a Florida for profit corporation and was authorized and doing business in Manatee County, Florida.

5. On and before April 15, 2023, the Defendant CIRCLE K STORES, INC. DBA CIRCLE K # 9832 owned, operated, managed, maintained, and controlled an establishment known as CIRCLE K STORES, INC. d/b/a CIRCLE K # 9832 located at 2925 1st St E., Bradenton, Manatee County, Florida.

## GENERAL ALLEGATIONS

6. At that time and place, Plaintiff, DONNA MARIE WASHINGTON, was an invitee/customer when she slipped and fell on a clear foreign transitory substance.

7. There were no signs in the area where Plaintiff slipped and fell warning the Plaintiff that the area was dangerous.

8. There were no barricades preventing Plaintiff from walking in the area where she slipped and fell.

9. Therefore, Plaintiff had no reason to suspect that area could be dangerous.

10. Plaintiff did not notice the foreign transitory substance before she fell.

11. The foreign transitory substance presented a hidden danger to Plaintiff.

2

12. Defendants' knowledge about the foreign transitory substance was superior to Plaintiff's.

## COUNT I
## NEGLIGENCE AGAINST CIRCLE K STORES, INC., d/b/a CIRCLE K STORE # 9832

13. Plaintiff realleges those allegations contained in paragraphs one (1) through twelve (12) above and incorporated them herein by this reference.

14. The negligent condition was known to Defendants, CIRCLE K STORES, INC., d/b/a CIRCLE K STORE # 9832, or had existed for a sufficient length of time so that Defendant should have known of it.

15. CIRCLE K STORES, INC. d/b/a CIRCLE K # 9832's employees are supposed to look for slipping/tripping hazards and remove them to protect the store's customers and other invitees.

16. The dangerous conditions created a foreseeable zone of risk to Plaintiff.

17. At all relevant times, CIRCLE K STORES, INC. d/b/a CIRCLE K # 9832 owed Plaintiff a duty to maintain, operate, supervise, and control the premises of CIRCLE K STORES, INC. d/b/a CIRCLE K # 9832 located at 2925 1st Street E, Bradenton, Manatee County, Florida, in a reasonable manner to provide its customers, such as the Plaintiff, a safe environment.

18. CIRCLE K STORES, INC. d/b/a CIRCLE K # 9832 had a duty to exercise reasonable care to reduce, minimize, or eliminate foreseeable risks before they manifest themselves as particular dangerous conditions on the premises of CIRCLE K STORES, INC. d/b/a CIRCLE K # 9832.

19. CIRCLE K STORES, INC. d/b/a CIRCLE K # 9832 had a duty to exercise reasonable care to reduce, minimize, or eliminate foreseeable risks before they manifest themselves as particular dangerous conditions on its premises.

20. CIRCLE K STORES, INC. d/b/a CIRCLE K # 9832 through its agents and/or employees acting within the course of their employment, failed to comply with the aforementioned duties in one or more of the following ways, but not limited thereto:

    a. Negligently failing to maintain or adequately maintain the premises/flooring, thus creating a slip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

    b. Negligently failing to inspect or adequately inspect the premises/flooring, as specified above, to ascertain whether the transitory foreign substance constituted a slip hazard to pedestrians utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

    c. Negligently failing to inspect or adequately warn the Plaintiff of the danger of the premises/flooring, when Defendant knew or through the exercise of reasonable care should have known that said premises/flooring was unreasonably dangerous and that Plaintiff was unaware of same;

    d. Negligently failing to correct and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the flooring on Defendant's premises, when said

"2025CA000498AX" 218935191 Filed at Manatee County Clerk 03/17/2025 08:12:12 AM EDT

        condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

e. Negligently failing to inspect the ground and clean up the foreign transitory substance before Plaintiff slipped and fell;

f. Negligently failing to reasonably inspect the ground and cordon off the unsafe area where Plaintiff slipped and fell;

g. Negligently failing to reasonably maintain the ground by removing the foreign transitory substance off the area where Plaintiff slipped and fell;

h. Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting/maintaining the premises/flooring for dangerous conditions;

i. Negligently failing to train and/or inadequately training its employees to inspect the premises for dangerous conditions;

j. Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

k. Negligently failing to act reasonably under the circumstances;

l. Negligently failing to install, maintain and provide a safe flooring surface within the subject premises;

m. Negligently selecting and/or utilizing flooring that failed to provide a non-slip surface for customers, including the Plaintiff, when, based on Defendant's experience, Defendant knew or should have known

5

spills were likely to occur on the flooring;

21. As a result of CIRCLE K STORES, INC. d/b/a CIRCLE K # 9832's negligence, Plaintiff, DONNA MARIE WASHINGTON, has suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money and/or aggravation of a previously existing condition. The losses are either permanent or continuing, and Plaintiff, DONNA MARIE WASHINGTON, will suffer the losses in the future. Some or all of the injuries sustained are permanent within a reasonable degree of medical probability. Alternatively, and/or in addition, Plaintiff has significant and permanent loss of an important bodily function, and/or significant and permanent scarring or disfigurement.

**WHEREFORE**, Plaintiff demands a judgment against CIRCLE K STORES, INC. d/b/a CIRCLE K # 9832 for damages, costs, prejudgment interest on medical expenses incurred and post-judgment interest, together with such other and further relief this Court deems equitable and just.

## COUNT II
## NEGLIGENCE AGAINST THOMAS S. STORE MANAGER

22. Plaintiff realleges those allegations contained in paragraphs one (1) through twelve (12) above and incorporated them herein by this reference.

23. The negligent condition was known to Defendants, THOMAS S. STORE MANAGER, or had existed for a sufficient length of time so that Defendant should have known of it.

"2025CA000498AX" 218935191 Filed at Manatee County Clerk 03/17/2025 08:12:12 AM EDT

24. THOMAS S. STORE MANAGER's employees are supposed to look for slipping/tripping hazards and remove them to protect the store's customers and other invitees.

25. The dangerous conditions created a foreseeable zone of risk to Plaintiff.

26. At all relevant times, THOMAS S. STORE MANAGER owed Plaintiff a duty to maintain, operate, supervise, and control the premises of CIRCLE K # 9832 located at 2925 1st Street E, Bradenton, Manatee County, Florida, in a reasonable manner to provide its customers, such as the Plaintiff, a safe environment.

27. THOMAS S. STORE MANAGER had a duty to exercise reasonable care to reduce, minimize, or eliminate foreseeable risks before they manifest themselves as particular dangerous conditions on the premises of CIRCLE K # 9832.

28. THOMAS S. STORE MANAGER had a duty to exercise reasonable care to reduce, minimize, or eliminate foreseeable risks before they manifest themselves as particular dangerous conditions on its premises.

29. THOMAS S. STORE MANAGER through its agents and/or employees acting within the course of their employment, failed to comply with the aforementioned duties in one or more of the following ways, but not limited thereto:

    a. Negligently failing to maintain or adequately maintain the premises/flooring, thus creating a slip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

    b. Negligently failing to inspect or adequately inspect the premises/flooring, as specified above, to ascertain whether the

transitory foreign substance constituted a slip hazard to pedestrians utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

c. Negligently failing to inspect or adequately warn the Plaintiff of the danger of the premises/flooring, when Defendant knew or through the exercise of reasonable care should have known that said premises/flooring was unreasonably dangerous and that Plaintiff was unaware of same;

d. Negligently failing to correct and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the flooring on Defendant's premises, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

e. Negligently failing to inspect the ground and clean up the foreign transitory substance before Plaintiff slipped and fell;

f. Negligently failing to reasonably inspect the ground and cordon off the unsafe area where Plaintiff slipped and fell;

g. Negligently failing to reasonably maintain the ground by removing the foreign transitory substance off the area where Plaintiff slipped and fell;

h. Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting/maintaining the premises/flooring for

8

dangerous conditions;

i. Negligently failing to train and/or inadequately training its employees to inspect the premises for dangerous conditions;

j. Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

k. Negligently failing to act reasonably under the circumstances;

l. Negligently failing to install, maintain and provide a safe flooring surface within the subject premises;

m. Negligently selecting and/or utilizing flooring that failed to provide a non-slip surface for customers, including the Plaintiff, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring.

30. As a result of THOMAS S. STORE MANAGER's negligence, Plaintiff, DONNA MARIE WASHINGTON, has suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money and/or aggravation of a previously existing condition. The losses are either permanent or continuing, and Plaintiff, DONNA MARIE WASHINGTON, will suffer the losses in the future. Some or all of the injuries sustained are permanent within a reasonable degree of medical probability. Alternatively, and/or in addition, Plaintiff has significant and permanent loss of an important bodily function, and/or significant and permanent scarring or disfigurement.

**WHEREFORE** the Plaintiff, DONNA MARIE WASHINGTON, demands a judgment against the Defendant, THOMAS S. STORE MANAGER, and requests a trial by jury of all issues triable as of right by a jury.

Dated this 17th day of March, 2025.

                                       **DISMUKE LAW**

By:   /s/John Mark Hundhausen, II
        John Mark Hundhausen, II, Esq.
        Florida Bar No. 1018840
        1920 S. Florida Avenue
        Lakeland, FL 33803
        (863) 250-5050
        service@1800askdave.com
        johnmark@1800askdave.com
        **ATTORNEY FOR PLAINTIFF**