**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DONNA MARIE WASHINGTON,

     Plaintiff,

v.                                  Case No. 8:25-cv-2916-TPB-LSG

CIRCLE K STORES, INC.,

     Defendant.

_____/

## <u>ORDER REMANDING CASE</u>

This matter is before the Court on Plaintiff's "Motion to Remand Case to State Court for Lack of Complete Diversity Jurisdiction" (Doc. 11), filed on November 26, 2025.  Defendant filed a response in opposition on December 10, 2025.  (Doc. 14).  At the Court's direction, the parties filed supplemental briefs and notices of supplemental authority.  (Docs. 15; 16; 17; 18; 20; 21).  The Court held a hearing on the motion on March 19, 2026.  (Doc. 23).  Based on the motion, response, supplemental briefing, argument of counsel, the court file and the record, the Court finds as follows.

Plaintiff Donna Washington sued Circle K Stores, Inc., and a store manager identified as "Thomas S., Store Manager" in state court in Manatee County in March 2025, alleging that she slipped and fell at a Circle K store in Bradenton.  The notice of removal alleges that Plaintiff is a Florida citizen, and that Defendant is incorporated in Texas and has its principal place of business in Arizona.  The notice

of removal and complaint contain no allegations as to the citizenship or domicile of the store manager. It appears the amount in controversy exceeds $75,000.

The manager moved in state court to dismiss the count of the complaint asserted against him, and the state court granted the motion to dismiss without prejudice, allowing Plaintiff to amend within 30 days. Before 30 days had passed, Defendant removed the case to this Court. The notice of removal alleged that, while the case was not initially removable because the manager was not diverse from Plaintiff, the state court's order dismissing the manager as a party established complete diversity, and the case therefore became removable.

Plaintiff has moved to remand, arguing that the state court granted the manager's motion to dismiss with leave to amend, and the amendment period had not expired when Defendant removed the case. Therefore, as of the date of removal, Plaintiff argues, the manager remained a party to the state court case and complete diversity did not exist. Defendant responds that the state court dismissed the manager, and he was therefore no longer a party at the time of removal. Defendant also appears to argue that the manager was fraudulently joined because the complaint did not sufficiently plead "active negligence" on the part of the manager.

The Court grants Plaintiff's motion to remand. The burden is on Defendant to establish subject matter jurisdiction, which in this case requires establishing complete diversity between Plaintiff and all Defendants. The manager's citizenship or domicile is nowhere expressly alleged in the complaint, in the notice of removal, or in the parties' briefing, and nothing in the record establishes that he is not a

citizen of Florida. Defendant admits that the manager's citizenship is not diverse from that of Plaintiff.

Defendant argues, however, that complete diversity existed when it removed the case because the state court dismissed the manager as a party, and the case at that point became removable. The Court disagrees. The state court's order merely granted the manager's motion to dismiss, and it did so without prejudice and with leave to amend. It did not dismiss the complaint or any count of the complaint as to the manager, nor did it dismiss the manager as a party. As such, the order was not a final order as to the manager. *See, e.g., Gries Inv. Co. v. Chelton*, 388 So. 2d 1281, 1282 (Fla. 3d DCA 1980) ("An order granting a motion to dismiss is not final and not appealable."). Defendant cites no authority supporting its contention that the manager ceased to be a party to the state court suit as result of the order granting his motion to dismiss. Therefore, the Court concludes, complete diversity did not exist at the time of removal.

In addition, even if the state court had entered a final order dismissing the manager with prejudice, that would not have made the case removable. Under the "voluntary/involuntary" rule, a case that is initially not removable generally does not become removable based on the elimination of a non-diverse party that comes about due to an order of the state court, as opposed to a voluntary act by the plaintiff. *See, e.g., Insinga v. LaBella*, 845 F.2d 249, 252-54 (11th Cir. 1988); *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547-48 (5th Cir. 1967). The state court's grant of the manager's motion to dismiss, even if it had eliminated the manager as a

party, which it did not, was not a voluntary act by Plaintiff and therefore cannot support removal.

Defendant's supplemental submission argues that the allegations of the complaint are insufficient to allege a negligence claim against the manager, that the manager was fraudulently joined as a defendant, and that his citizenship can therefore be disregarded for purposes of diversity. The Court rejects this argument for several reasons.

First, Defendant's notice of removal asserted that diversity existed based solely on the ground discussed above, *i.e.*, that, at the time of removal, the manager had been dismissed as a party in the case by virtue of the state court's order. Defendant did not raise fraudulent joinder in its notice of removal, nor in its response to Plaintiff's motion to remand. It raised the issue only in its supplemental briefing on Plaintiff's motion to remand. Because fraudulent joinder was not raised as a ground for removal in the removal notice, it cannot be raised now. *See, e.g.*, *Bracknell v. Int'l Paper Co.*, No. 2:21-00448-KD-N, 2022 WL 1548123, at *10 (S.D. Ala. Apr. 18, 2022), *report and recommendation adopted*, 2022 WL 1546625 (S.D. Ala. May 16, 2022) (holding that fraudulent joinder is a substantive ground for removal that cannot be raised by amendment after the expiration of the 30-day window to freely amend the removal notice).

Second, Defendant's arguments on fraudulent joinder are based on the facial insufficiency of the complaint's allegations. Defendant does not point to extrinsic evidence it acquired at some point after it was served with process from which it

learned that joinder of the manager was fraudulent.  If Defendant were correct that the complaint's allegations demonstrate fraudulent joinder, that fact would have been apparent from the face of the initial complaint and was therefore known to Defendant when Defendant was first served with process.  Defendant was therefore required to remove the action within 30 days of service of process but failed to do so.  Accordingly, its right to do so has been waived.  *See, e.g., Hughes v. Flicker*, No. 16-23805-CIV-MARTINEZ/GOODMAN, 2017 WL 5643240, at *3-5 (S.D. Fla. July 10, 2017), *report and recommendation adopted*, 2017 WL 5644600 (S.D. Fla. Aug. 14, 2017).

Finally, Defendant has failed to demonstrate fraudulent joinder.  The burden to demonstrate fraudulent joinder is a heavy one.  Defendant here must show more than that the complaint failed to state a claim for relief against the store manager.  It must show that there is no possibility the plaintiff could state a valid cause of action, or, stated in another way, that there is no possibility that state law might impose liability under the circumstances alleged.  *See, e.g., SFM Holdings, Ltd. v. Fisher*, 465 F. App'x 820, 821 (11th Cir. 2012).  It is true that the complaint's allegations as to the manager's liability are general in nature, but the Court concludes that Plaintiff has at least arguably stated a negligence claim against the manager under Florida law, by alleging personal fault or responsibility by virtue of the manager's knowledge of a dangerous condition on the premises, as opposed to merely vicarious liability based on the manager's position or general responsibility for store operations.  *See, e.g., Nelson v. Boston Mkt. Corp.*, No. 8:16-cv-3355-T-24

TBM, 2017 WL 393870, at *2 (M.D. Fla. Jan. 30, 2017); *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. 1st DCA 2005) (holding that a corporate agent may be individually liable for acts within the scope of the agent's employment on proof that the agent owed the plaintiff a duty of care and breached that duty "through personal (as opposed to technical or vicarious) fault").

Although the manager obtained an order from the state court granting his motion to dismiss without prejudice and with leave to amend, the Court cannot conclude that "no court could possibly find" the complaint against the manager sufficient to withstand a motion to dismiss. *See Lett v. Wells Fargo Bank, N.A.*, 233 F. Supp. 3d 1330, 1338 (S.D. Fla. 2017); *cf. Espinoza v. Target Corp.*, No. 9:19-CV-81108-ROSENBERG/REINHART, 2019 WL 4621628, at *2 (S.D. Fla. Sept. 24, 2019) (finding fraudulent joinder where the manager submitted an unrebutted affidavit stating that she was not present in the store at the time of the incident); *Pritchard v. Wal-Mart Stores, Inc.*, No. 8:09-cv-46-T-24 TGW, 2009 WL 580425, at *2-3 (M.D. Fla. Mar. 5, 2009) (finding fraudulent joinder where store manager submitted an unrebutted declaration stating that she had no knowledge of any possible contamination of peanut butter sold by the store).

The Court's decision on the fraudulent joinder argument is further informed by the facts of this particular situation. While the Circle K employee may have had the title of "manager," this is a fundamentally different job from that of someone who might be a manager of a very large retail store such as a Walmart. Circle K stores are generally small, and they are usually staffed by one or two employees,

one of whom might have the title of "manager." In this situation, the person with the title of "manager" is much more likely to have had actual personal involvement with a customer "slip and fall" scenario than a manager of a very large store. As such, it is not as much of a stretch for a plaintiff to allege that a manager should be held liable in a very small store setting. This is in contrast to factual scenarios where plaintiffs attempt to sue managers of large stores simply because the managers happened to be working that day and may have had absolutely no involvement with the "slip and fall" incident.

In sum, the case as framed by Plaintiff's complaint was not removable, the state court's granting of the store manager's motion to dismiss without prejudice and with leave to amend did not make it removable, and Defendant's arguments on fraudulent joinder have been waived and are not meritorious in any event. The case is remanded to the Circuit Court for Manatee County.

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Plaintiff's "Motion to Remand Case to State Court for Lack of Complete Diversity Jurisdiction" (Doc. 11) is **GRANTED**.

2. This action is **REMANDED** to the Circuit Court for the Twelfth Judicial Circuit in and for Manatee County, Florida, due to lack of subject matter jurisdiction.

3. Once remand is effected, the Clerk is directed to terminate any pending

motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 1st day of May, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE